IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADAM MORAD<br>231 Switchgrass Lane<br>Pasadena, MD 21122 | *<br>*<br> |
| Plaintiff | * |
| vs. | *<br>No.: |
| HARTFORD LIFE AND ACCIDENT INS. CO.<br>P.O. Box 14868<br>Lexington, KY 40512 | *<br>* |
| Serve:<br>Kathleen Birrane<br>Insurance Commissioner for the State of Maryland<br>200 St. Paul Place<br>Suite 2700<br>Baltimore, MD 21202 | *<br>*<br>* |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Now comes the Plaintiff, Adam Morad, by and through his attorney, Keith R. Siskind and the Law Offices of Steinhardt, Siskind and Lieberman, LLC and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials.

1

3. That this Court has jurisdiction of the subject matter as the long term disability plan issued by Aetna Life Insurance Company to the Plaintiff's employer, Maryland Institute College of Art, with an effective date of June 1, 2013, is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, <u>et seq.</u> (The Plan). The Defendant acquired Aetna's group disability plans in November 2017.

### Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2) in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

### The Parties

5. That the Plaintiff, Adam Morad, is an individual, a citizen of the State of Maryland, residing at 231 Switchgrass Lane, Pasadena, MD 21122.

6. That the Plaintiff's employer, Maryland College of Art, entered a contract of insurance with Aetna to provide long term disability benefits to its employees. The Defendant acquired Aetna in November 2017.

### Statement of Facts

7. That the Plaintiff was employed as an Instructional Technologist for the Maryland Institute of Art where he was hired on January 9, 2012.

8. That Plaintiff ceased working as of May 1, 2018 due to chronic neck and back pain that he developed following multiple surgeries. In January 2008 Plaintiff underwent L5-S1 lumbar fusion surgery following a fall resulting in a ruptured L5-S1

intervertebral disk. In 2009 Plaintiff developed severe neck pain and was diagnosed with multiple disk herniations requiring C3-C5 anterior cervical decompression and fusion surgery in March 2010. Due to ongoing bilateral neck, head and upper extremity pain and weakness, Plaintiff underwent C5, C6, C7 cervical fusion in 2014. Plaintiff has subsequently developed occipital neuropathy with headaches. Plaintiff's deteriorating condition required further fusion surgery at C7-T1 in June 2017. Since that time Plaintiff has been experiencing chronic headaches and chronic peripheral neuropathy in his upper extremities.

9. That after the Plaintiff ceased working he was approved for short term disability benefits and transitioned to long term disability benefits effective July 31, 2018.

10. In a letter dated August 12, 2020 **(Exhibit 1)** Defendant denied long term disability benefits beyond July 30, 2020. This followed a change in the test of disability under the plan. Defendant obtained peer reviews and an Employability Analysis and concluded that Plaintiff could perform alternate occupations and therefore denied benefits.

11. That on January 12, 2021 Plaintiff, through the undersigned counsel, filed an administrative appeal regarding Defendant's denial of long term disability benefits. **See Exhibit 2.**

12. That on June 28, 2021 Defendant upheld its original decision to deny long term disability benefits. **See Exhibit 3.** Defendant relied upon blind medical reviews and a subsequent Employability Analysis to conclude that the medical evidence does not support global functional impairment and that Plaintiff has the capability to perform

alternate occupations. This decision represented a final administrative decision exhausting the Plaintiff's administrative remedies.

13. That at issue in this case is the policy language of the plan issued by the Defendant. Pursuant to the plan the definition of disability is as follows:

> *Test of Disability*
> *From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:*
>
> - *You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and*
> - *Your earnings are 80% or less of your adjusted predisability earnings.*
>
> *After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.*

Reasonable occupation is defined as follows:

> *This is any gainful activity:*
>
> - *For which you are, or may reasonably become, fitted by education, training, or experience; and*
> - *Which results in, or can be expected to result in, an income of more than 60% of your adjusted predisability earnings.*

14. That since the Plaintiff was paid long term disability benefits for more than 24 months then at issue is whether Plaintiff remains "unable to work at any reasonable occupation solely because of an illness, injury…"

### Count I

15. The Plaintiff reasserts and incorporates each and every fact and allegation as set forth in paragraphs 1-14 as fully and completely as if set forth herein.

4

16. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought… by a participant or a beneficiary… B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

17. That as of July 30, 2020 Plaintiff contends that he remained disabled and unable to perform any reasonable occupation.

18. That the Plaintiff contends that the Defendant did not conduct a full and fair review and the decision to deny long term disability benefits was unreasonable and not supported by substantial evidence.

19. That the Plaintiff contends that he has submitted substantial evidence to document his disability, and that the Defendant ignored reliable evidence submitted by the Plaintiff. The medical and other evidence submitted on behalf of the Plaintiff demonstrates that the Plaintiff is precluded from performing any reasonable occupation. Such evidence includes but is not limited to the Plaintiff's medicals records, a Functional Capacity Evaluation of Curtis Work Rehabilitation Services, a Neuropsychological Evaluation of Dr. David Shostak, and a vocational evaluation of Martin Kranitz. Plaintiff contends that Defendant continues to ignore reliable evidence, and fails to have its experts review all relevant evidence.

20. That Defendant has failed to reasonably consider the evidence presented by the Plaintiff, including but not limited to the medical assessments, Functional Capacity Evaluations, Neuropsychological Evaluation and vocational evaluations. Consequently, the decision to deny benefits under the plan is arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

21. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide long term disability benefits under the plan.

22. That as a direct and proximate result of the actions of the Defendant the Plaintiff has sustained damages in the amount of $ 1,206.93 per month.  Between July 30, 2020 and July 30, 2021, the Plaintiff is due 12 months of long term disability benefits in the amount of $ 14,483.16.  The Plaintiff further contends that he is owed continuing long term disability benefits through the maximum duration of the plan which is the Plaintiff's Social Security normal retirement age of 67.

23. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

   a. That this Court order the Defendant to pay the Plaintiff all long term disability benefits due to the Plaintiff pursuant the plan, said benefits beginning July 30, 2020;

   b. Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing, including prejudgment interest;

   c. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132 including pre-judgment interest;

   d. For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

*/s/ Keith R. Siskind, Esquire*
Keith R. Siskind, Esquire
Steinhardt, Siskind and Lieberman, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
Attorney for Plaintiff
Trial Bar # 04415
